AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
Attorney for Plaintiff
By: ILAN STEIN
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2525
Fax: (212) 637-2730
Email: Ilan.Stein@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ X
 :
UNITED STATES OF AMERICA, :
 :
        Plaintiff, :
 : COMPLAINT
       v. :
 : 20 Civ. 10422
JEFFREY ECKER, :
 :
        Defendant. :
 :
------------------------------------------------------------------------ X

       Plaintiff United States of America (the "United States"), by and through its attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, alleges upon information and belief as follows:

### INTRODUCTION

       1.     This is a civil fraud action brought by the United States, on behalf of the United States Department of Veterans Affairs (the "VA"), under the False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "FCA"), and the common law theories of payment by mistake of fact and unjust enrichment.

2. The case arises from the wrongful conduct of Defendant Jeffrey A. Ecker ("Defendant"), who committed fraud against the United States by unlawfully claiming and retaining Dependency and Indemnity Compensation benefits from the VA ("VA Benefits") that were intended for his mother, Rita Ecker, following her death on January 22, 1983.

3. Defendant was a signatory on a checking account, held jointly with his mother, into which the VA deposited VA Benefits on a monthly basis until August 2017. Defendant did not notify the VA of his mother's death. Instead, he fraudulently completed and submitted marital status questionnaires on behalf of his deceased mother in order to ensure that the VA would continue to transmit the VA Benefits. As a result, the VA Benefits continued to be electronically deposited into the joint account on a monthly basis for more than thirty-four years after his mother's death.

4. Defendant repeatedly and unlawfully withdrew the VA Benefits from the joint account, even though he knew that the VA Benefits were intended for his mother and that he had no right to receive them. Defendant has fraudulently obtained hundreds of thousands of dollars in government funds. Through this action, the United States seeks to recover damages and civil penalties for the VA Benefits fraudulently obtained by Defendant between December 10, 2014, and August 4, 2017.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over claims brought under the FCA pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. §§ 1331 and 1345, and over the common law claims pursuant to 28 U.S.C. § 1345.

6. Venue is proper in the Southern District of New York pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b). Upon information and belief, Defendant resided in the

Southern District of New York at the time he fraudulently obtained the VA Benefits and continues to reside in the District.

## THE PARTIES

7. Plaintiff is the United States of America, on behalf of its agency the United States Department of Veterans Affairs.

8. Jeffrey A. Ecker is an individual who, upon information and belief, resides at 2722 Valentine Avenue, Apartment 1E, Bronx, New York.

## STATEMENT OF FACTS

9. Rita Ecker was the spouse of Samuel Ecker, a military service member whose death resulted from service-related injuries or diseases.

10. Ms. Ecker received VA Benefits pursuant to 38 U.S.C. § 1110 *et seq.*, starting in or about March 1976.

11. Each month between at least December 2014 and August 2017 (the "Relevant Time Period"), VA Benefits were transferred electronically into a joint savings account held in the name of Rita Ecker and Defendant at Popular Bank (the "Popular Bank Account").

12. Defendant was a signatory to the Popular Bank Account. No other individual was authorized to withdraw funds from the account.

13. Ms. Ecker passed away on January 22, 1983.

14. Prior to her death, Defendant and Ms. Ecker resided together at 2722 Valentine Avenue, Apartment 1E, Bronx, NY. Defendant has continued to reside at this address since his mother's death. At the time of his mother's death, Defendant was twenty-six years old.

15. Ms. Ecker's death certificate lists Defendant as the "informant" (*i.e.*, the person who provides the information to be included in a death certificate). Upon information and belief, Defendant was the executor of Ms. Ecker's estate.

16. Defendant did not notify the VA of Ms. Ecker's death. The VA was unaware of Ms. Ecker's death and continued to transfer VA Benefits on a monthly basis into the Popular Bank Account.

17. During the years following his mother's death, Defendant personally withdrew VA Benefits that were intended for Ms. Ecker by making regular ATM cash withdrawals from the Popular Bank Account.

18. On or about December 26, 1990, the VA sent a Marital Status Questionnaire addressed to Ms. Ecker at 2722 Valentine Avenue, Bronx, NY, in order to assess Ms. Ecker's continuing eligibility to receive VA Benefits. The Questionnaire notified her that if she did not provide a response within 60 days, her VA Benefits would be terminated. On January 9, 1991, the VA received a completed Marital Status Questionnaire ("1991 Questionnaire"), ostensibly completed by Ms. Ecker, asserting that Ms. Ecker had not remarried since the death of her spouse. The 1991 Questionnaire bore Ms. Ecker's purported signature, dated January 3, 1991, even though she had died on January 22, 1983. Defendant fraudulently completed and submitted the 1991 Questionnaire in order to ensure that the VA would continue to transmit the VA Benefits to the Popular Bank Account.

19. On or about December 28, 1998, the VA sent another Marital Status Questionnaire to Ms. Ecker at 2722 Valentine Avenue in the Bronx, NY. On or about January 28, 1999, the VA received a completed Marital Status Questionnaire ("1999 Questionnaire"), ostensibly completed by Ms. Ecker, asserting that Ms. Ecker had not remarried since the death of

her spouse. The 1999 Questionnaire bore Ms. Ecker's purported signature, dated January 23, 1999, even though she had died on January 22, 1983. Defendant fraudulently completed and submitted the 1999 Questionnaire in order to ensure that the VA would continue to transmit the VA Benefits to the Popular Bank Account.

20. On December 29, 2006, the VA sent another Marital Status Questionnaire to Ms. Ecker at 2722 Valentine Avenue in the Bronx, NY. In January 2007, the VA received a completed response ("2007 Questionnaire"), ostensibly completed by Ms. Ecker, asserting that Ms. Ecker had not remarried since the death of her spouse. The 2007 Questionnaire bore Ms. Ecker's signature, dated January 25, 2007, even though she had died on January 22, 1983. Defendant fraudulently completed and submitted the 2007 Questionnaire in order to ensure that the VA would continue to transmit the VA Benefits to the Popular Bank Account.

21. Because the VA was not advised of Ms. Ecker's death, and because it received Marital Status Questionnaires fraudulently completed by Defendant, the VA continued to make VA Benefit payments to Ms. Ecker, and the payments continued to be electronically deposited into the Popular Bank Account. The VA made these payments based on its mistaken belief that Ms. Ecker was still alive.

22. In 2014, the amount of monthly VA Benefits deposited into the account held by Ms. Ecker and Defendant was $1,233.23. The amount of the monthly payment increased over time to a maximum monthly amount of $1,257.95 in 2017.

23. Between December 10, 2014, and August 4, 2017, Defendant made 106 ATM withdrawals from the Popular Bank Account, ranging in amounts from $40 to $1,000. During the Relevant Time Period, Defendant withdrew a total of $46,452.12 from the Popular Bank

Account.  Most of these withdrawals were made from ATMs located in the Bronx, New York, within several blocks of Defendant's residence.

24. Throughout the period relevant to this proceeding, Popular Bank issued monthly account statements, addressed to "Rita Ecker or Jeffrey A. Ecker" at 2722 Valentine Avenue, Apartment 1E, Bronx, NY.  The account statements reflected the monthly electronic transfers of VA Benefits into the Popular Bank Account, as well as the ATM withdrawals from the account.

25. Instead of notifying the VA of his mother's death so that it could terminate the VA Benefits, Defendant appropriated the funds for his own use.  Defendant knew that the VA Benefits were intended for Ms. Ecker and that he had no legal right to receive the moneys.

26. In August 2017, the VA terminated the VA Benefits after learning that Ms. Ecker had passed away.

27. The last VA Benefits payment, in the amount of $1,257.95, was electronically deposited into the Popular Bank Account on August 1, 2017.  The last ATM withdrawal by Defendant during the Relevant Time Period was on August 4, 2017.

## FIRST CLAIM

### FALSE CLAIMS ACT:  PRESENTING FALSE CLAIMS FOR PAYMENT
### (31 U.S.C. § 3729(a)(1)(A))

28. The allegations in paragraphs 1 through 27 are repeated and realleged as though set forth fully in this paragraph.

29. The United States seeks relief against Defendant under Section 3729(a)(1)(A) of the False Claims Act.  Pursuant to that provision, any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . . is liable to the United States Government for a civil penalty . . . plus 3 times the amount of damages which the Government sustains because of the act of that person."  The term "claim," pursuant to 31 U.S.C.

§ 3729(b)(2), means "any request or demand . . . for money . . . which is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government . . . provides or has provided any portion of the money or property requested or demanded . . . ."

30.     Each of Defendant's ATM withdrawals from the Popular Bank Account constitutes a "claim" within the meaning of 31 U.S.C. § 3729(b)(2).  Each ATM withdrawal constitutes an instance when Defendant requested, and received, government funds that were deposited by the United States electronically into the Popular Bank Account.

31.     By withdrawing and accepting the VA Benefits deposited by the United States into the Popular Bank Account, Defendant knowingly presented, or caused to be presented, false and fraudulent claims for payment to the United States.

32.     If the VA had known that Defendant was receiving the VA Benefits instead of Ms. Ecker and that Ms. Ecker had died, the VA would have terminated the VA Benefits.

33.     By virtue of Defendant's conduct and his withdrawal of VA Benefits from the Popular Bank Account from December 10, 2014, to August 4, 2017, the United States has suffered damages and therefore is entitled to treble damages under the False Claims Act, in an amount to be determined at trial, plus civil penalties.

### SECOND CLAIM

**FALSE CLAIMS ACT:  PRESENTING FALSE CLAIMS FOR PAYMENT**
**(31 U.S.C. § 3729(a)(1)(B))**

34.     The allegations in paragraphs 1 through 27 are repeated and realleged as though set forth fully in this paragraph.

35.     The United States seeks relief against Defendant under Section 3729(a)(1)(B) of the False Claims Act.  Pursuant to that provision, any person who "knowingly makes, uses, or

causes to be made or used, a false record or statement material to a false or fraudulent claim . . . is liable to the United States Government for a civil penalty . . . plus 3 times the amount of damages which the Government sustains because of the act of that person." The term "material," pursuant to 31 U.S.C. § 3729(b)(2), means "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property."

36. The 1991, 1999, and 2007 Marital Status Questionnaires constitute false records or statements that were material to Defendant's fraudulent claims insofar as they caused the VA to believe that Ms. Ecker was still alive and to continue to pay the monthly VA Benefits.

37. By fraudulently preparing and submitting the 1991, 1999, and 2007 Marital Status Questionnaires that bore Ms. Ecker's forged signatures, Defendant knowingly made and used false and fraudulent records and statements that were material to his fraudulent claims and the VA's payment of the VA Benefits.

38. If the VA had known that the 1991, 1999, and 2007 Marital Status Questionnaires were false and fraudulent, the VA would have terminated the VA Benefits.

39. By virtue of Defendant's conduct and his withdrawal of VA Benefits from the Popular Bank Account from December 10, 2014, to August 4, 2017, the United States has suffered damages and therefore is entitled to treble damages under the False Claims Act, in an amount to be determined at trial, plus civil penalties.

### THIRD CLAIM

### PAYMENT BY MISTAKE OF FACT

40. The allegations in paragraphs 1 through 27 are repeated and realleged as though set forth fully in this paragraph.

41. The United States continued to make VA Benefit payments to Ms. Ecker after her death based upon a mistaken and erroneous understanding of a material fact – that Ms. Ecker was still alive.

42. The United States is entitled to recover the amount of VA Benefits obtained by Defendant from December 10, 2014, to August 4, 2017, which were made based on its mistaken belief that Ms. Ecker was still alive.

### FOURTH CLAIM

### UNJUST ENRICHMENT

43. The allegations in paragraphs 1 through 27 are repeated and realleged as though set forth fully in this paragraph.

44. By obtaining and using VA Benefits to which he was not entitled from December 10, 2014, to August 4, 2017, Defendant was unjustly enriched at the expense of the United States.

45. Under these circumstances, equity and good conscience require that the money should be returned to the VA, in full and with interest.

WHEREFORE, plaintiff the United States requests that judgment be entered in its favor and against Defendant as follows:

(a) On the First and Second Claims (False Claims Act), a judgment against Defendant for treble damages and civil penalties to the maximum amount allowed by law.

(b) On the Third Claim (Payment by Mistake of Fact) and Fourth Claim (Unjust Enrichment), a judgment against Defendant for damages to the maximum amount allowed by law.

(c) Granting the United States such further relief a as the Court may deem proper.

Dated: New York, New York
December 10, 2020

                                        AUDREY STRAUSS
                                        Acting United States Attorney for the
                                        Southern District of New York
                                        *Attorney for Plaintiff United States of America*

By: /s/ Ilan Stein
      ILAN STEIN
      Assistant United States Attorney
      86 Chambers Street
      New York, New York 10007
      Telephone: (212) 637-2525
      Facsimile: (212) 637-2730
      Email: Ilan.Stein@usdoj.gov