UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
: 
UNITED STATES OF AMERICA, :
:
Plaintiff, :
:
v. : Case No. 20 Civ. 10422 (RA)
:
JEFFREY ECKER, :
:
Defendant. :
:
:
------------------------------------------------------------------------ X

# [~~PROPOSED~~] CONSENT JUDGMENT

WHEREAS, this Consent Judgment is entered into by and among plaintiff the United States of America (the "United States" or the "Government"), by its attorney, Audrey Strauss, United States Attorney for the Southern District of New York, and defendant Jeffrey Ecker (the "Defendant," and together with the Government, the "Parties");

WHEREAS, the Government commenced this action by filing a complaint ("Complaint") and issuing a summons on December 10, 2020, and the Defendant was duly served with a copy of the summons and complaint;

WHEREAS, the Government alleges that from December 10, 2014, until December 10, 2020, the Defendant committed fraud against the Government by unlawfully claiming and retaining Dependency and Indemnity Compensation benefits from the U.S. Department of Veterans Affairs ("VA") that were intended for his mother, Rita Ecker ("VA Benefits"), in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "FCA") and the common law.

The conduct described in this Paragraph is the "Covered Conduct" for purposes of this Consent Judgment; and

WHEREAS, the Parties, through this Consent Judgment, reached a mutually agreeable resolution addressing the claims asserted against the Defendant in the Complaint for the Covered Conduct;

NOW, THEREFORE, upon the Parties' agreement, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The Parties agree that this Court has subject matter jurisdiction over this action and consent to this Court's exercise of personal jurisdiction over each of them.

2. The Defendant admits that, during the Covered Period, the Defendant claimed and retained the VA Benefits detailed in the Complaint that were intended for his mother, Rita Ecker, following her death on January 22, 1983.

3. The Government shall have judgment against the Defendant in the amount of $116,729.91, with interest from the date of judgment as provided by law, and the Government shall have execution therefor.

4. Execution of this judgment shall be stayed as long as the Defendant abides by the following terms, conditions, and provisions of this judgment.

5. The Defendant shall make monthly installments in the minimum amount of fifty dollars ($50), beginning on July 15, 2021, and on or before the 15th day of each month thereafter, until the debt is paid in full. This installment payment amount is subject to adjustment if agreed to in writing by the United States as warranted by a change in the Defendant's financial circumstances.

6. The Defendant shall make the aforementioned payments by certified bank check, personal check, or money order payable to "U.S. Department of Justice," which payments shall be mailed to:

> U.S. Department of Justice
> Nationwide Central Intake Facility
> P.O. Box 790363
> St. Louis, MO 63179-0363

7. The Defendant shall have the right to pre-pay the entire balance due without penalty and may tender payments in amounts greater than those stipulated in paragraph 5.

8. On January 2, 2022, and on January 2 of each succeeding year in which the Defendant is responsible for making payments hereunder, the Defendant shall furnish to the Government such information about his income and assets as the Government may reasonably require, and the Government shall have the right, based on the Defendant's ability to pay as evidenced by the information furnished by the Defendant, to increase or to decrease the Defendant's monthly payments for a period of 12 months beginning February 1 of the year in question. For the avoidance of doubt, the Government may increase or decrease the Defendant's monthly payments if the information provided by Defendant indicates a material change in Defendant's financial circumstances. The Defendant further agrees to notify the United States Attorney's Office for the Southern District of New York within 30 days of any change of address or employment until the judgment amount is paid in full.

9. The Defendant further acknowledges that, in the event Defendant defaults on the monthly payment schedule stipulated in paragraph 5, up to 100% of any federal payment owed to Defendant, including but not limited to the Defendant's federal income tax refund, may be offset via the Treasury Offset Program to be applied toward the judgment debt balance.

10. The Government shall be permitted to file this judgment in any and all counties in which the Defendant resides or owns any real or personal property, which filing shall be a lien on such property.

11. Should the Defendant fail to comply with the terms of paragraph 8, or the payment schedule stipulated in paragraph 5, or should any check or draft presented by the Defendant as payment in compliance with this judgment be returned for insufficient funds, the Government shall have the right, as its sole option and discretion, to declare the stay of execution of this judgment no longer in effect. Before declaring the Defendant in default pursuant to this paragraph, and the stay of execution of this judgment no longer in effect, the Government shall first afford the Defendant notice of such default in writing and shall afford him ten (10) calendar days from the date of mailing to cure the default.

12. Notice to the Defendant shall be deemed due and sufficient notice if sent by first class mail, postage prepaid, to the Defendant's address listed below or to any new address provided by the Defendant:

> Jeffrey Ecker
> 2722 Valentine Avenue, Apt. 1E
> Bronx, New York 10458

13. The Defendant has provided sworn financial disclosures and supporting documents ("Financial Disclosures") to the United States and the United States has relied on the accuracy and completeness of those Financial Disclosures in entering into this Consent Judgment. The Defendant warrants that the Financial Disclosures are complete, accurate, and current. If the United States learns of asset(s) in which the Defendant had an interest at the time of the execution of this Consent Judgment that were not disclosed in the Financial Disclosures, or if the United States learns of any false statement or misrepresentation by the Defendant on, or in connection

with, the Financial Disclosures, and if such nondisclosure, false statement, or misrepresentation changes the estimated net worth or income of the Defendant as reflected in the Financial Disclosures by 10% or more, the United States may declare the stay of execution of this judgment no longer in effect.

14. Subject to the exceptions in Paragraph 16 below (concerning reserved claims) and subject to Paragraph 11 above, and conditioned on Defendant's full compliance with the terms of this Consent Judgment, including making the month installments payments pursuant to Paragraph 5 above, the Government releases the Defendant, including his successors and assigns, from any civil or administrative monetary claim that the Government has for the Covered Conduct under the FCA, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the Program Fraud Civil Remedies Act, 31 U.S.C. § 3801-3812, and the common law theories of payment by mistake and unjust enrichment.

15. The Defendant fully and finally releases the United States, its agencies, officers, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that the Defendant has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, employees, servants, or agents related to the Covered Conduct or the United States' investigation, prosecution and settlement thereof.

16. Notwithstanding the releases given in Paragraph 15 above, or any other term of this Consent Judgment, the following claims of the Government are specifically reserved and are not released by this Consent Judgment:

    a. any liability arising under Title 26, United States Code (Internal Revenue Code);

    b. any criminal liability;

    c. any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    d. except as explicitly stated in this Consent Judgment, any administrative liability or enforcement right, including but not limited to the mandatory or permissive exclusion from Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) or 42 U.S.C. § 1320a-7(b) (permissive exclusion); and

    e. any liability based upon obligations created by this Consent Judgment.

13. This is a publicly available document, and the Defendant waives any claim that it is subject to the Privacy Act of 1974, 5 U.S.C. § 552(a).

14. The Court shall retain jurisdiction over this case for purposes of enforcing the Consent Judgment.

15. After the Defendant has made payment in full satisfaction of the judgment balance, the Government shall file with the Clerk of the Court and deliver to the Defendant a satisfaction of judgment.

Agreed to by:

# THE UNITED STATES OF AMERICA

Dated: New York, New York
May 27, 2021

                              AUDREY STRAUSS
                              United States Attorney for the
                              Southern District of New York

By:   *Ilan Stein*
       Ilan Stein
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.:   (212) 637-2525
       Fax:   (212) 637-2730

       *Attorney for the United States of America*

The Clerk of Court is respectfully directed to close this case.
SO ORDERED.

Ronnie Abrams, U.S.D.J.
May 28, 2021

**JEFFREY ECKER**

Dated: New York New York
May 27 2021

JEFFREY ECKER

By: *[signature: Jeffrey Ecker]*
Jeffrey Ecker
2722 Valentine Ave., Apt. 1E
Bronx, NY 10458

*Pro Se Defendant*

SO ORDERED:

_____
HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

Dated: _____, 2021